# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAVID AZRAN, | ) |
| Plaintiff, | ) |
| | ) No. 15 C 5116 |
| v. | ) |
| | ) Judge Jorge L. Alonso |
| FIDELITY NATIONAL FINANCIAL, INC., TICOR TITLE INSURANCE COMPANY, and CHICAGO TITLE INSURANCE COMPANY, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court are three motions. For the reasons explained below, Fidelity National Financial, Inc.'s motion to dismiss the Second Amended Complaint [25] is granted; plaintiff's motion for leave to file a supplemental response to Fidelity National Financial, Inc.'s motion to dismiss [65] is granted; and Ticor Title Insurance Company and Chicago Title Insurance Company's motion to dismiss the Second Amended Complaint [26] is granted in part and denied in part.

## BACKGROUND

Plaintiff, David Azran, brought this suit for breach of contract, common-law and statutory fraud, and a bad-faith failure to pay a title insurance claim. He alleges that on March 5, 2008, he loaned Cesareo Olivo $65,000 after Olivo had purchased a property at 6638 South Albany Avenue (the "Albany Property") in Chicago. The loan was secured by a mortgage on the Albany Property. In connection with the loan, Ticor Title Insurance Company ("Ticor") issued Azran a lender's title policy, effective March 5, 2008. Ticor recorded the mortgage on August

11, 2008. Unbeknown to Azran, Olivo sold the Albany Property on July 28, 2008, before the mortgage was recorded. Olivo failed to pay the balance on the loan, and Azran says that he did not find out about the sale until January 2010. He contends that if Ticor had promptly recorded his mortgage, the loan would have been paid in full at the closing on Olivo's sale of the Albany Property in 2008.

Plaintiff names as defendants Ticor; Chicago Title Insurance Company ("Chicago Title"); and Fidelity National Financial, Inc. ("Fidelity"). Before the Court are defendants' motions to dismiss the Second Amended Complaint (the "complaint").

## DISCUSSION

**A.     Legal Standards**

On a Rule 12(b)(6) motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts as true all well-pleaded facts in the complaint, and draws all reasonable inferences in plaintiff's favor. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

District courts exercising diversity jurisdiction must apply the choice-of-law rules of the forum state to determine what substantive law governs the case. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). The parties rely on Illinois law, so the Court will apply Illinois law. *See Harter v. Iowa Grain Co.*, 220 F.3d 544, 559 n.13 (7th Cir. 2000) (the court

2

will not perform an independent choice-of-law analysis where the parties agree on the governing law and the choice bears a "reasonable relation" to their dispute).

**B.     Fidelity's Motion**

Fidelity moves to dismiss the complaint on the ground that it "is not a proper defendant" and "[t]here is nothing that links [it] to any of the facts or allegations contained in" the complaint. (ECF No. 25, Fidelity's Mot. at 3.) The complaint alleges that Fidelity is the parent company of Fidelity National Title Group ("FNTG"), of which the other defendants are a part. (ECF No. 17-1, Second Am. Compl. at 2.) Plaintiff's claims against Fidelity appear to rely on the allegations that his title insurance claim was wrongfully denied, "FNTG" then accused him of "wrongful conduct," and Fidelity tried to "substitute a bogus title insurance policy" issued in the name of Chicago Title. The complaint often treats defendants as a group or refers to FNTG, a non-party (and, evidently, merely a business name), as having engaged in misconduct. The Court is unable to discern a complete claim against Fidelity itself. Plaintiff's assertion that Fidelity had an "active role" in the denial of his insurance claim is misplaced because he does not allege that he had a contract with Fidelity. Similarly, plaintiff's contention that "FNTG and each of FNTG's members are simply acting as [Fidelity's] alter egos under the direction of [Fidelity's] CEO," (ECF No. 31, Pl.'s Resp. at 4), is unpersuasive because there are no alter-ego allegations in the complaint. The fact that Fidelity may be the parent company of one of the other defendant entities is not enough to allege alter-ego liability.[1]  *See, e.g.*, *Zurich Am. Ins. Co.*

---

[1] To expand upon his arguments regarding Fidelity's control over the handling of plaintiff's title insurance claim, plaintiff moved for leave to file a supplemental response to Fidelity's motion. The motion is granted, but plaintiff's arguments are beside the point because he does not allege alter-ego liability, and Fidelity's alleged role in handling the denial of plaintiff's claim does not help plaintiff establish any of the elements of his fraud claims.

3

*v. Watts Indus.*, 417 F.3d 682, 688 (7th Cir. 2005). To the extent that plaintiff is attempting to allege that Fidelity engaged in fraud, the Court addresses plaintiff's deficient fraud allegations below.

Fidelity is therefore dismissed from this action. Although Fidelity requests a with-prejudice dismissal, the dismissal will be without prejudice. It appears unlikely that plaintiff will be able to state a claim against Fidelity, but at this juncture the Court is unable to say that it is impossible.

**C. Ticor and Chicago Title's Motion**

    **1. Breach of Contract (Count I)**

In Count I, plaintiff alleges that under his title insurance policy, Ticor had a duty to record Olivo's mortgage on the Albany Property in a timely manner, and it breached this contractual obligation by failing to do so for almost six months, causing Azran to suffer damages in excess of $75,000. Although plaintiff seeks a judgment against "defendants" on Count I, the only defendant who is alleged to have breached a contract is Ticor. Plaintiff argues that the other defendants are "liable for the breach of contract," (ECF No. 32, Pl.'s Resp. at 4), yet he has pleaded no facts from which such liability can reasonably be inferred. Accordingly, the breach of contract claim against Chicago Title is dismissed without prejudice.

As for Ticor, it argues that because plaintiff has not pleaded "evidence" of breach, Count I fails. But all plaintiff need plead are facts sufficient to allow a reasonable inference that Ticor is liable for breach of contract. Plaintiff has done so. Whether Ticor actually breached the title policy is a merits issue, which the Court does not address on a motion to dismiss. Furthermore, Ticor's argument regarding declaratory relief misses the mark because plaintiff is not seeking a declaratory judgment. Accordingly, defendants' motion to dismiss is denied as to the claim

4

against Ticor in Count I.[2]

### 2. Common-Law and Statutory Fraud (Counts II and IV)

Count II is a claim for common-law fraud. In Illinois, the limitations period for common-law fraud is five years. *See* 735 ILCS 5/13-205; *Chi. Park Dist. v. Kenroy, Inc.*, 402 N.E.2d 181, 184 (Ill. 1980). Count IV is a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act (the "Act"), 815 ILCS 505/1 *et seq.* Claims under the Act are subject to a three-year limitations period. *See* 815 ILCS 505/10a(e). Illinois uses the "discovery rule," pursuant to which the statute of limitations is tolled "until the injured party knows or reasonably should know of the injury and knows or reasonably should know that the injury was wrongfully caused." *Khan v. Deutsche Bank AG*, 978 N.E.2d 1020, 1028-29 (Ill. 2012).

Count II is based in part on plaintiff's allegations that defendants "knowingly and intentionally failed to record" the mortgage on the Albany Property and "knowingly and intentionally" concealed that failure. (Second Am. Compl. ¶ 28.) Count IV is based wholly on that alleged misconduct. Defendants contend that Counts II and IV are time-barred because plaintiff pleads that in January 2010, he became aware of Olivo's sale of the Albany Property. (*See id.* ¶ 16.) Thus, plaintiff discovered at that time that his mortgage had not been recorded, yet he did not file the original complaint in this action until June 10, 2015. In response, plaintiff maintains that the statute of limitations on the fraud claims did not begin running until January 8,

---

[2]Defendants argue in their reply brief that plaintiff "does not point to any term of the title policy requiring a mortgage to be recorded in a certain timeframe [sic]." (ECF No. 34, Defs.' Reply at 2.) They have waived this argument by raising it for the first time in their reply brief. *See Darif v. Holder*, 739 F.3d 329, 336-37 (7th Cir. 2014). However, a review of Ticor's commitment to issue a title policy, which is attached to the complaint as Exhibit B, suggests that plaintiff faces an uphill battle in proving that Ticor undertook a contractual obligation to record the mortgage at all, let alone promptly.

2014, when he received notice of the denial of his title insurance claim.  Plaintiff cites no authority in support of this argument, which is rejected.  The allegedly fraudulent acts are the failure to promptly record the mortgage and the subsequent concealment.  Plaintiff does not dispute that in January 2010, he discovered the injury that allegedly flowed from those acts.  The Court therefore dismisses Count II with prejudice as time-barred, to the extent that it is premised on the failure to record and the failure to disclose, and dismisses Count IV in its entirety as time-barred.  To the extent that plaintiff is attempting in Count II to allege fraud based on other misconduct (this claim, like the complaint generally, is inartfully pleaded), it is dismissed without prejudice for failure to state a claim.  Plaintiff is attempting to refashion a claim for wrongful denial of insurance coverage as fraud.[3]  The allegations do not comply with Federal Rule of Civil Procedure 9(b), which requires fraud claims to be pleaded with particularity.  Furthermore, plaintiff fails to allege that he relied on any misrepresentation and suffered damage as a result, which are required elements of a common-law fraud claim under Illinois law.  *See Massuda v. Panda Express, Inc.*, 759 F.3d 779, 783 (7th Cir. 2014).

### 3. Violation of 215 ILCS 5/155 (Count III)

Count III is a claim under section 155 of the Illinois Insurance Code (the "Code"), 215 ILCS 5/155, for a bad-faith denial of insurance coverage.  Ticor and Chicago Title contend that this claim must be dismissed because the Code exempts title insurance companies from its provisions.  *See* 215 ILCS 5/451.  Plaintiff ignores this statutory language; his only response to

---

[3]As to Count IV, plaintiff asserts in his response that this claim is based upon "a number of unfair practices" that defendants allegedly employed in processing his claim.  But Count IV does not allege unfair practices.  Other than citing the "repeated denials" of his claim, plaintiff does not explain in his brief what these "practices" were.

6

defendants' argument is to cite three decisions in which the Seventh Circuit and two district courts dismissed § 155 claims against a title company on grounds other than § 451. These decisions neither cite § 451 nor address the applicability of the Code to title insurance companies. Because Ticor and Chicago Title are title insurance companies and therefore exempt from the provisions of the Code, Count III is dismissed with prejudice.

## CONCLUSION

Fidelity National Financial, Inc.'s motion to dismiss the Second Amended Complaint [25] is granted; plaintiff's motion for leave to file a supplemental response to Fidelity National Financial, Inc.'s motion to dismiss [65] is granted; and Ticor Title Insurance Company and Chicago Title Insurance Company's motion to dismiss the Second Amended Complaint [26] is granted in part and denied in part. Fidelity National Financial, Inc. is dismissed from this action without prejudice. Counts III and IV are dismissed with prejudice. Count II is dismissed with prejudice to the extent that it is premised on the failure to record and alleged concealment, and dismissed without prejudice to the extent that it is based on other alleged misconduct. Count I is dismissed without prejudice as to Chicago Title. What remains of the complaint is the breach of contract claim against Ticor in Count I.

**SO ORDERED.**  **ENTERED:** August 3, 2016

_____
**JORGE L. ALONSO**
**United States District Judge**